UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:                                                                    Case No.: 6:16-bk-01087-ABB

RICHARD RUSSELL BAKER,                                Chapter 13

Debtor.
_____/

**RESPONSE BY THE UNITED STATES TO
DEBTOR'S OBJECTION TO CLAIM NO. 6
FILED BY THE INTERNAL REVENUE SERVICE**

The United States of America, on behalf of its agency, the Internal Revenue Service (hereinafter "IRS"), responds to the debtor's objection to Claim No. 6 of the IRS as follows:

1.      On April 11, 2016, the IRS filed Proof of Claim No. 6 in the amount of $792,135.14.   This included a secured claim in the amount of $152,135.22, an unsecured priority claim in the amount of $433,955.84, and a general unsecured claim in the amount of $206,044.08.   The secured priority claim is for civil penalties for tax years 2004, 2005, 2007 and 2008, as well as restitution for tax years 2002 to 2004.   The unsecured priority claim is for restitution and income taxes for tax years 2003 to 2008, as well as for unfiled returns for 2014 and 2015.

2.      In both the secured and unsecured priority sections of the Proof of Claim, the restitution amount is shown with an assessment date of July 13, 2015.   All of the taxes assessed on that date represent the $160,348 in restitution ordered in the criminal judgment.   For Form 1040 taxes for years 2003 to 2008, the IRS conducted an

1

examination for those tax years and the amounts due are shown with an assessment date of December 7, 2015 or December 28, 2015.

     3.     On April 19, 2016, debtor filed an objection to the Proof of Claim.  Doc. 29. In his objection, debtor asserts the IRS is limited in what it can recover for tax periods 2002 to 2008 based upon language in the criminal plea agreement in Case No. 6:14-cr-0093-RDB-DAB.  Debtor also states he has filed his returns for 2014 and 2015.

     4.     The language of the plea agreement does not limit the amount of the IRS' Proof of Claim.  In the plea agreement, attached to the debtor's objection, debtor agreed to make "full restitution to the [IRS] of the amounts due for his personal federal taxes from 2002 to 2008, which the [debtor] agrees is at least $160,348."  Doc. 29-2, ¶ A.6. Furthermore, the plea agreement states that the debtor "agrees to pay all taxes, interest, and penalties found to be lawfully owed and due to the [IRS] for the years 2002 to 2008" for debtor's personal tax returns, corporate returns and employment returns.  Doc. 29-2, ¶ A.9.  Given the language of these provisions, there is nothing in the plea agreement that operates to limit the amount of the IRS' Proof of Claim for the 2002 to 2008 tax years.

     5.     The criminal judgment does state that debtor does not have the ability to pay interest on the restitution amount, and the District Court waived that requirement.  As such, the IRS will amend its Proof of Claim to remove any interest payable on the restitution.

     6.     Furthermore, in paragraph 8 of his objection, debtor objects to the amounts in the secured portion of the claim for tax years 2002, 2003 and 2004 to the extent those amounts are for personal income taxes and not civil penalties.  In preparing the Proof of

Claim, however, the IRS performed an equity analysis based upon the debtor's schedules, determining that there was $152,135.22 in equity that could be secured. Using that amount, the equity was first used to fully secure the amounts owing for civil penalties. The remaining equity was used to fully secure the criminal restitution amounts for tax years 2002 and 2003 and to partially secure the restitution for 2004. The balance of the 2004 restitution is carried over into the unsecured priority section of the Proof of Claim, which shows a restitution amount of $1050.88.

7. According to the IRS, the debtor's 2014 and 2015 returns have not yet posted. Once those returns have been processed, the IRS will amend its proof to reflect taxes, if any, that may be due for those years.

Dated:  May 19, 2016               Respectfully submitted,

                                   A. LEE BENTLEY, III
                                   United States Attorney

                        By:    /s/ Scott H. Park
                               Scott H. Park
                               Assistant U. S. Attorney
                               Identifying No. USA084
                               400 W. Washington Street, Suite 3100
                               Orlando, Florida 32801
                               Telephone: (407) 648-7543
                               Facsimile: (407) 648-7588
                               E-mail: scott.park@usdoj.gov

**Certificate of Service**

    I hereby certify that on May 19, 2016, a copy of the foregoing Response by United States to Debtor's Objection to Claim No. 6 Filed by the Internal Revenue Service has been electronically filed with the Clerk of the Court and served either by electronic transmission or by United States first class mail, postage prepaid, to the following:

K. Hunter Goff
600 N. US Highway 27, Suite 6
Minneola, FL 34715
Email:   hunter@khuntergoffpa.com

Kelly Remick
Trustee

                                            /s/ Scott H. Park
                                            Assistant U. S. Attorney